**FILED**

**APR 2 5 2008**

**Clerk, U.S. District and Bankruptcy Courts**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE: RESTRAINT OF ALL ASSETS HELD | ) | Misc. No.: |
| IN THE NAME OF ALAIN GAGNON IN: | ) | |
| | ) | |
| ACCOUNT C421M6YH AT OPTIONS | ` | |
| EXPRESS, CHICAGO, ILLINOIS; | | Case: 1:08-mc-00260 |
| | | Assigned To : Friedman, Paul L. |
| ACCOUNT FX113033 AT FX SOLUTIONS, | | Assign. Date : 4/25/2008 |
| SADDLE RIVER, NEW JERSEY; and | | Description: Miscellaneous |
| | | |
| ACCOUNTS 00017263 and 00017198 AT | ) | |
| FOREX CAPITAL MARKETS, NEW YORK, | ) | |
| NEW YORK | ) | |
| | ) | |

## EX-PARTE APPLICATION OF THE UNITED STATES FOR A RESTRAINING ORDER PURSUANT TO 28 U.S.C. § 2467(d)(3)(B)(ii) and STATEMENT OF POINTS and AUTHORITIES IN SUPPORT THEREOF

The United States of America, by and through its undersigned attorneys, respectfully

requests that this Court issue a Restraining Order pursuant to 28 U.S.C. §§ 2467(d)(3)(A),

(d)(3)(B)(ii), and 18 U.S.C. § 983(j) to enforce foreign restraining orders issued by the Court of

Québec, Canada, Criminal and Penal Division, to freeze assets held for the benefit of Alain

Gagnon, who is under investigation for fraud, corruption, and money laundering violations in

Canada.  In accordance with U.S. treaty obligations, this Application seeks the restraint of assets

located in the United States in order to preserve their availability in anticipation of the receipt of

a final judgment of forfeiture from the Canadian Court for enforcement pursuant to 28 U.S.C.

§ 2467(b).



1

## I.    JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2467.  Venue is

proper in this Court pursuant to 28 U.S.C. § 2467(c)(2)(B), which provides, in relevant part, that

"venue shall lie in the district court for the District of Columbia . . . ."  *Id.*

## II.    APPLICATION

The United States seeks a Restraining Order to preserve the following property for

forfeiture (hereinafter the "Property"):

All assets held in the name of Alain Gagnon in:

(a)    Account C421M6YH held at Options Express, 311 West Monroe, Room 1000, Chicago, Illinois 60606

(b)    Account FX113033 held at FX Solutions, One Route 17 South, Suite 260, Saddle River, New Jersey 07458

(c)    Accounts 00017263 and 00017198 held at Forex Capital Markets, 32 Old Slip Road, 10th Floor, New York, New York 10005

These assets are subject to restraining orders issued by the Court of Québec, Criminal and

Penal Division, on September 21, 2007, as amended on April 9, 2008, and October 30, 2007, in

connection with the investigation and prosecution of Alain Gagnon for acts of fraud, breach of

trust by a public officer and money laundering in violation of Canadian Law.  This Court is

empowered to "register and enforce a restraining order that has been issued by a court of

competent jurisdiction in the foreign country and certified by the Attorney General pursuant to"

28 U.S.C. § 2467(b)(2).[1]  Here, the Assistant Attorney General has properly certified the

---

[1]  The Attorney General delegated this certification authority under section 2467 to the Assistat Attorney General for the Criminal Division pursuant to order number 2820-2006.  Att'y Gen. Order 2820-2006, *available at* http://www.usdoj.gov/ag/readingroom/ag2820-2006.pdf

Canadian orders for enforcement in the interest of justice on February 29, 2008.  True and correct copies of the Canadian Restraining orders, the amendments, and their English translations are attached as Exhibit A and a true and correct copy of the Assistant Attorney General Certification is attached as Exhibit B.

Accordingly, the United States respectfully requests that this Court issue a Restraining Order pursuant to 28 U.S.C. § 2467(d)(3)(B)(ii) and 18 U.S.C. § 983(j) and that such Order remain in place until forfeiture proceedings in Canada have been concluded.  A proposed order is attached.

## III.   STATEMENT OF POINTS AND AUTHORITIES

Under 28 U.S.C. § 2467(d)(3)(B)(ii), this Court has the authority to enforce a foreign restraining order issued in connection with forfeiture proceedings in another country, provided that the U.S. Assistant Attorney General has certified a request from the foreign nation for enforcement of the order in the interest of justice.  Because each of the statutory requirements for enforcement have been met, this Court should issue the requested restraining order pending the outcome of the forfeiture proceedings in Canadian Courts.

### A.   FACTUAL BACKGROUND

On January 4, 2008, the Canadian authorities transmitted a formal legal assistance request through the U.S. Department of Justice's Office of International Affairs seeking enforcement of the Canadian Restraining Orders in order to preserve funds in the United States for forfeiture in connection with the prosecution of Gagnon.  Canada has requested restraint of the property in accordance with the Treaty Between the Government of the United States of America and the Government of Canada on Mutual Legal Assistance in Criminal Matters (the "MLAT"), which

3

entered into force on January 24, 1990, 1985 U.S.T. LEXIS 230, and the restraining orders of the

Court of Quebec, Criminal and Penal Division.  In execution of the Canadian request, the United

States alleges the following facts:

The Canadian mutual legal assistance request arises from a criminal investigation into

acts of fraud, breach of trust by a public officer, and money laundering carried out by Alain

Gagnon in violation of Sections 380(1), 122, and 462.31 of the Canadian Criminal Code.

Gagnon was employed by the Department of Public Works and Government Services

Canada (PWGSC) as a financial auditor.  PWGSC is a Canadian department that provides

auditing, accounting, telecommunications, and other services to over 100 Canadian government

departments and agencies, including the agency that collects the Goods and Services Tax (GST).

The GST is a 6% tax imposed on the purchase of most goods and services in Canada.

When a Canadian federal department or agency pays for services or products, it is

authorized to obtain a refund on any GST paid.  Normally, reimbursement of GST requires one

government employee to certify receipt of services or goods and a second employee to authorize

payment of the reimbursement.  Gagnon had authority to authorize payment, but not to certify

receipt.  To defeat this safeguard, Gagnon stole passwords from co-workers who had certification

authority; generally finding them on their desks.  With this information Gagnon authorized

payment of 787 reimbursement checks, totaling more than $2.7 million in Canadian dollars

(CAD) to his wife between 1996 and 2007.

An internal audit of the GST account uncovered Gagnon's fraud.  PWGSC turned this

information over to the Royal Canadian Mounted Police (RCMP), which launched its own

investigation in July 2007.  The auditors discovered that all of the 701 checks still available (86

4

checks that were issued between 1996 and 1998 were destroyed because Canadian law only

requires financial institutions to maintain records for 7 years) were made out to Gagnon's wife,

Elaine Patrice, and deposited in Gagnon's and Patrice's joint credit union account. The RCMP

discovered that each of the 701 checks were sent to one of three different postal boxes. All three

boxes were in the name of Gagnon and Patrice and their home address was the address of record.

A review of the credit union account statements showed that on June 12, 2007, Gagnon

sent a check for $60,000 (CAD) to Options Express, an on-line securities broker located in

Chicago, Illinois. After searching Gagnon's house, the RCMP discovered statements for

accounts in Gagnon's name at FX Solutions in New Jersey and Forex Capital Markets in New

York. After his arrest, Gagnon confessed to the fraud, but told investigators that he committed it

on his own and without his wife's involvement.

On September 21 and October 30, 2007, the Court of Québec, Criminal and Penal

Division, issued restraining orders against Gagnon's assets including four accounts at three

financial institutions in the United States. On April 9, 2008, a Canadian Court amended the

September 21, 2007, order to correct a clerical error in the Options Express account number.

These orders prohibit Alain Gagnon, Elaine Patrice, financial institutions, and any person from

alienating, disposing, or charging the property.

**B.    ARGUMENT**

1.    This Court has Authority to Enforce Foreign Restraining Orders that the Assistant
      Attorney General has Certified for Enforcement

Pursuant to 28 U.S.C. § 2467, Federal Courts are authorized to enforce a foreign

judgment of forfeiture obtained in connection with forfeiture proceedings in another country,

upon application of the United States seeking enforcement, "as if the judgment had been entered

by a court in the United States." 28 U.S.C. § 2467(c)(i). This provision enables the U.S. to

comport with treaty obligations requiring it to freeze, seize, and forfeit proceeds and

instrumentalities of foreign crimes. Additionally, reciprocity is a basic tenet in international

cooperation and if the United States is to expect other nations to enforce orders issued by U.S.

courts, it must have legislation to render reciprocal assistance to foreign tribunals.

    2.    The Requirements For Recognizing a Foreign Restraining Order Have Been Met

As set forth below, four elements must be met for the enforcement of a foreign restraining

order under § 2467: (1) the United States and the foreign nation must be parties to an

international agreement providing for mutual forfeiture assistance; (2) the conduct giving rise to

forfeiture under foreign law must constitute conduct that would give rise to forfeiture if

committed in the United States; (3) the foreign restraint order must have been issued by a court

of competent jurisdiction in the foreign nation; and (4) the Attorney General, in the interest of

justice, must have certified the order for enforcment. 28 U.S.C. § 2467(a)(1)-(2), (d)(3).

Because each of these elements is met, this Court should enforce the Canadian orders and issue

the requested Restraining Order.

First, under 28 U.S.C. § 2467(a)(1), a final order of forfeiture can only be enforced if it is

the subject of a request from "a foreign jurisdiction with which the United States has a treaty or

other formal international agreement in effect providing for mutual forfeiture assistance . . . ."

*Id.* The United States and Canada are treaty partners to the Mutual Legal Assistance Treaty.

Because Article 17 of the MLAT provides for mutual assistance in forfeiture matters, the first

criterion for issuance of a Restraining Order is met.

Second, to be enforceable, a final foreign forfeiture judgment must order the forfeiture of property based on conduct that "would constitute a violation or offense for which property could be forfeited under Federal law if the offense were committed in the United States." 28 U.S.C. § 2467(a)(2)(A). This dual "forfeitability" requirement ensures that a final judgment sought for enforcement is consistent with the type of offenses for which Congress has authorized forfeiture under U.S. law. Here, the Canadian restraint order was issued in connection with the investigation and prosecution of conduct constituting fraud, breach of trust by a public officer, and money laundering in violation of Sections 380(1), 122, and 462.31 of the Canadian Criminal Code. The restraining order states that there are reasonable grounds to believe that the accounts are subject to forfeiture under Sections 462.37(1) or 462.38(2) of the Criminal Code of Canada. Additionally, the request describes conduct that, had it occurred in the United States, would constitute violations of 18 U.S.C. §§ 641 (embezzlement or theft of public funds), 1343 (wire fraud, including honest services fraud as defined in 18 U.S.C. § 1346), 1956, 1957 (money laundering), and 2314 (interstate or international transportation or property stolen or taken by fraud. Property involved in such U.S. offenses are subject to forfeiture pursuant to 18 U.S.C. §§ 981, 983, and 28 U.S.C. § 2461(c) as the proceeds of "specified unlawful activity," or property involved in a money laundering transaction. *See* 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B). This satisfies the second criterion for enforcement because the conduct alleged to have been committed by Gagnon would give rise to forfeiture in both countries.

Third, the Court of Québec, Criminal and Penal Division, issued the restraint order under Section 462.33 of the Canadian Criminal Code, which authorizes the restraint of assets in the

7

course of criminal proceedings. Thus, the Candian Court is a court of competent jurisdiction for purposes of 28 U.S.C. § 2467(d)(3)(B)(ii).

Fourth, the Canadian Restraining Order was certified by the Assistant Attorney General on February 29, 2008. *See* Exhibit B. The Assistant Attorney General determined that enforcement of the attached Restraining Orders is in the interest of justice. *See* 28 U.S.C. § 2467(b)(2). Such determinations are not subject to review. *Id.* Thus, the fourth criterion for enforcement is met, and ample justification exists for enforcement of the attached Restraining Orders in the United States.

## IV.    CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court enforce the Canadian Restraining Orders, consistent with U.S. treaty obligations under the MLAT between the Governments of the United States and Canada, by entering the attached restraining order against the captioned property pursuant to this Court's authority under 28 U.S.C. § 2467(d)(3)(B)(ii) and 18 U.S.C. § 983(j). The United States further asks that it be permitted to serve the Order by facsimile transmission to the affected financial institutions. The

United States will promptly request, through the appropriate legal assistance channels, that those individuals and entities with an apparent interest in the property be provided with notice of, and a copy of, this Court's Order.

Respectfully submitted,

RICHARD WEBER
CHIEF, ASSET FORFEITURE AND MONEY
   LAUNDERING SECTION

LINDA M. SAMUEL  (DC Bar #388970)
Deputy Chief
ROBERT STAPLETON (New York Bar #4076568)
Trial Attorney
Asset Forfeiture and Money
   Laundering Section
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W., 10th Floor
Washington, D.C. 20530
Telephone:  (202) 514 1263

Attorneys for Applicant
UNITED STATES OF AMERICA

**CANADA**

**COUR DU QUÉBEC**
**Chambre criminelle et pénale**

**PROVINCE DE QUÉBEC**
**DISTRICT DE HULL**

NO : 5·50 - 2·6·
      060·505· 072

DIRECTEUR DES POURSUITES
CRIMINELLES ET PÉNALES
(Avis d'adresse : 6 322 661)

**Requérant**

c.

ALAIN GAGNON
ELAINE PATRICE
**Intimés**

SARAH ÉMILIE GAGNON
CAISSE POPULAIRE DESJARDINS DU
    CŒUR- DES VALLÉES
BANQUE ROYALE DU CANADA
HYDRO QUÉBEC
OPTIONS EXPRESS
MUNICIPALITÉ DE L'ANGE-GARDIEN
COMMISSION SCOLAIRE AU CŒUR-
    DES-VALLÉES
OFFICIER RESPONSABLE DU BUREAU
    DE LA PUBLICITÉ DES DROITS DE LA
    CIRCONSCRIPTION          FONCIÈRE
    PAPINEAU
**Mis-en-cause**

---

### ORDONNANCE DE BLOCAGE SUIVANT L'ARTICLE 462.33 DU CODE CRIMINEL

---

— **CONSIDÉRANT** la requête ex parte présentée par M$^e$ Claude Haccoun, procureur aux poursuites criminelles et pénales ;

— **CONSIDÉRANT** l'affidavit du caporal Maxime Boutin, membre de la Gendarmerie royale du Canada (GRC);

ঙ৪-260

**FILED**

APR 2 5 2008

Clerk, U.S. District and
Page 8 of 8 Bankruptcy Courts

&mdash; **CONSIDÉRANT** que ledit affidavit est conforme aux exigences de l'article 462.33 du Code criminel;

&mdash; **CONSIDÉRANT** ma conviction que l'avis prévu au paragraphe 462.33(5) du Code criminel risque d'occasionner la disparition du bien visé, son aliénation ou une diminution de sa valeur de telle façon qu'une ordonnance de confiscation en vertu des articles 462.37 et 462.38 du Code criminel deviendrait impossible ou inopérante;

&mdash; **CONSIDÉRANT** l'engagement du Directeur des poursuites criminelles et pénales, suivant les dispositions de l'article 462.33(7) du Code criminel, dûment signé par Me Yves Paradis, mandataire spécialement autorisée aux fins de l'article 462.33(7) du Code criminel;

&mdash; **CONSIDÉRANT** ma conviction qu'il y a des motifs raisonnables de croire qu'il existe un bien à l'égard duquel une ordonnance de confiscation pourrait être rendue en vertu des articles 462.37(1) et 462.38(2) du Code criminel et, en particulier, le bien suivant:

### ITEM 1

Un immeuble situé au 57 chemin Palma, municipalité de L'Ange-Gardien, province de Québec, J8L 2W7, enregistré au Bureau de la publicité des droits de la circonscription foncière de Papineau, au nom de Alain Gagnon et Élaine Patrice, immeuble désigné comme suit:

« Le lot **23C-4, Rang 3**, au cadastre officiel du canton de Buckingham, circonscription foncière de Papineau.

Avec toutes bâtisses y érigées, circonstances et dépendances, portant le numéro 57 chemin Palma, municipalité de L'Ange-Gardien, province de Québec, J8L 2W7.

Tel que le tout se trouve actuellement avec toutes les servitudes actives et passives, apparentes ou occultes attachées audit immeuble.»

### ITEM 2

Toutes sommes d'argent et autres valeurs contenues et/ou rattachées au folio 15938-1 détenues à la Caisse Populaire Cœur des vallées située au 63 chemin Montréal à Masson-Angers, J8M 1K7, compte détenu par Alain Gagnon et Élaine Patrice.

### ITEM 3

Toutes sommes d'argent et autres valeurs contenues et/ou rattachées aux comptes de banque numéro 00372-450-2746 et 00372-507-7425 détenues à la Banque Royale du Canada (RCB) de la succursale située au 303 Moodie Drive, Ottawa, Ontario, H2H 9R4. Ces deux comptes sont détenus par Alain Gagnon.

### ITEM 4

Toutes sommes d'argent et autres valeurs contenues et/ou rattachées au compte numéro C421M64H détenues auprès de la compagnie Options Express située au 311 West Monroe, local 1000, Chicago, Illinois, État-Unis, 60606. Ce compte est détenu par Alain Gagnon.

### POUR CES MOTIFS :

1.  **JE DISPENSE** le Directeur des poursuites criminelles et pénales de donner quelque avis que ce soit quant à la présentation de la requête pour l'émission de la présente ordonnance de blocage ;

2.  **J'ORDONNE** le blocage des biens décrits ci-haut et le blocage de tout intérêt ou droit assurable sur lesdits biens, incluant le droit de recevoir le produit d'assurance versé aux termes de toutes polices d'assurances, actuelles ou futures, relatives auxdits biens ;

3.  **J'ORDONNE** que, dans l'éventualité où une réclamation était présentée en vertu d'une police d'assurance émise actuellement ou ultérieurement sur ces biens, sous réserve des droits des créanciers pouvant en découler, tous produits d'assurance soient payés au Directeur des poursuites criminelles et pénales qui en prendra possession et les administrera jusqu'à ce qu'un tribunal compétent statue à leur sujet ;

4.  **J'INTERDIS À QUICONQUE** dont notamment mais non limitativement à **Alain Gagnon et Élaine Patrice** et le cas échéant, leur ayants droit, mandataires, prête-noms, héritiers, liquidateurs de succession et autres représentants, **DE SE DÉPARTIR** des biens faisant l'objet de la présente ordonnance de blocage, de les **GREVER**, directement ou indirectement, d'agir de façon à les **GREVER** de quelque charge que ce soit, d'agir de façon à permettre qu'ils soient **ALIÉNÉS OU GREVÉS** de quelque façon que ce soit, de les **DÉTRUIRE, ALTÉRER OU MODIFIER** physiquement ;

5.  **J'ORDONNE À QUICONQUE** dont notamment mais non limitativement à **Alain Gagnon et Élaine Patrice** et, le cas échéant, leurs ayants droit, mandataires, prête-noms, héritiers, liquidateurs de succession et autres représentants, de remplir les obligations dévolues au propriétaire, à l'occupant et/ou au possesseur des biens décrits à la présente, notamment mais non limitativement :

   —    d'acquitter toutes les taxes foncières, taxes de service, toutes les dépenses de service incluant les comptes d'Hydro-Québec et d'acquitter tout arrérage relatif à ces taxes ou dépenses ;

   —    de maintenir les biens assurés adéquatement contre toutes les formes de perte ;

   —    faire parvenir au Directeur de la Direction des fournitures et de l'ameublement du Centre de services partagés du Québec sis au 1200, rue Taillon, 1er étage, Québec, province de Québec, G1N 3V5, dans les sept (7) jours de la signification de la présente ordonnance une copie de la police d'assurance qui protège le bien décrit à l'ITEM 1 ci-dessus contre toutes formes de pertes et qui comporte un avenant prévoyant que toute indemnité payable à l'égard de ce bien en vertu de cette police devra être payable irrévocablement au Directeur des poursuites criminelles et pénales tant que le bien assuré fera l'objet d'une ordonnance de blocage ;

   —    d'informer, dans les plus brefs délais, le Directeur de la Direction des fournitures et de l'ameublement du Centre de services partagés du Québec de tout changement relatif à la police d'assurance protégeant le bien décrit ci-haut en lui faisant parvenir copie de cette nouvelle police à la Direction des fournitures et de l'ameublement du Centre de services partagés du Québec au 1200, rue Taillon, 1er étage, Québec (Québec), G1N 3V5 ;

   —    de remplir toutes et chacune des obligations découlant de charges ou de prêts hypothécaires ou autres sur le bien en question.

6.    **J'ORDONNE À QUICONQUE** dont, notamment mais non limitativement, **Alain Gagnon et Élaine Patrice** et le cas échéant, leurs ayants droits, mandataires, prête-noms, héritiers, liquidateurs de succession et autres représentants, de **RENDRE COMPTE** au Directeur de la Direction des fournitures et de l'ameublement du Centre de services partagés du Québec, de l'exercice de ses obligations prévues au paragraphe 5 en faisant parvenir ou en fournissant sur demande, à tout représentant du Directeur de la Direction des fournitures et de l'ameublement du Centre de services partagés du Québec, les renseignements ou documents demandés;

7.    **JE PERMETS** au Directeur de la Direction des fournitures et de l'ameublement du Centre de services partagés du Québec de prendre toutes les mesures de conservation qu'il jugera appropriées relativement au bien ci-haut décrit s'il a des raisons de croire que le bien est mis en péril ;

8.    **J'AUTORISE** le Directeur de la Direction des fournitures et de l'ameublement du Centre de services partagés du Québec à :

   **A)**    **PÉNÉTRER immédiatement** à l'intérieur de l'immeuble ci-haut décrit, accompagné du personnel requis afin de :

    i)      faire une inspection et un inventaire sommaires des lieux ;

    ii)     filmer les lieux sur bande magnétoscopique et prendre toutes les photos nécessaires afin d'établir l'état des lieux au moment de l'enregistrement de la présente ordonnance de blocage ;

    **B)**    **PÉNÉTRER ultérieurement**, soit mensuellement, à l'intérieur de l'immeuble ci-haut décrit pour y faire une inspection afin de s'assurer de l'état des lieux et de vérifier l'inventaire des biens qui doivent s'y trouver afin de prendre, s'il y a lieu, sans préavis, toutes les mesures conservatoires d'urgence prévues au paragraphe 7 de la présente ;

9.    **J'ORDONNE À QUICONQUE** dont notamment mais non limitativement à **Alain Gagnon et Élaine Patrice** et le cas échéant, leurs ayants droit, mandataires, prête-noms, héritiers, liquidateurs de succession et autres représentants, **DE PERMETTRE** au Directeur de la Direction des fournitures et de l'ameublement du Centre de services partagés du Québec, à compter de la date de la présente ordonnance de blocage, et par la suite avec préavis, **DE PROCÉDER** à l'inspection sommaire du bien ci-haut décrit, pour s'assurer que les personnes nommées ci-haut se conforment aux obligations décrites au paragraphe 5 ou, sans préavis, pour prendre les mesures conservatoires d'urgence prévues au paragraphe 7 des présentes, le tout conformément au paragraphe 8 de la présente ;

10.   **J'ORDONNE** à la mise-en-cause, **Caisse populaire Desjardins du Cœur-des-Vallées, D'ÉTABLIR** de façon précise et détaillée les dettes réelles affectant l'immeuble décrit à l'ITEM 1 des présentes, en vertu des actes publiés au Bureau de la publicité des droits de la circonscription foncière Papineau sous les numéros **11 665 716 et 11 660 745**, en fournissant au Directeur des poursuites criminelles et pénales (à l'attention de son représentant M$^e$ Claude Haccoun au 2050, de Bleury, # 7.00 Montréal (Québec) (téléphone : (514) 873-1096, télécopieur : (514) 873-1236)), dans les 5 jours de la signification de la présente ordonnance de blocage, tous les documents constatant l'endettement auquel réfère la garantie hypothécaire affectant l'immeuble décrit à l'ITEM 1 des présentes ;

11.   **J'INTERDIS** à la mise-en-cause, **Caisse populaire Desjardins du Cœur-des-Vallées, d'AUTORISER** et/ou d'**EFFECTUER** tout décaissement additionnel (hypothécaire ou via une marge de crédit ou carte de crédit ou autrement) ou autre forme de crédit qui constituerait une augmentation de charge grevant l'immeuble décrit à l'ITEM 1 des présentes, pour quelque somme ou montant additionnel que ce soit, via l'acte hypothécaire affectant ledit immeuble ou autrement et ce, à quelque titre que ce soit, à compter de la signification de la présente ordonnance de blocage ;

12.   **J'ORDONNE** que la dette ou garantie réelle affectant l'immeuble décrit à l'ITEM 1 de la présente soit limitée au montant actuel de celle-ci en date de la signification de la présente ordonnance de blocage ;

13. **J'ORDONNE** au **distributeur d'électricité** (Hydro-Québec ou autre) de communiquer le solde échu impayé et les procédures relatives à une interruption de service pour non paiement (incluant les avis de retard) apparaissant au dossier de l'intimé responsable de l'abonnement pour l'immeuble décrit à l'item 1 des présentes et de la transmettre à Madame Diane Lessard Martineau au 2050, de Bleury, #7.00, Montréal (Québec) H3A 2J5 ou par télécopieur au 514-873-1236 dès que celle-ci en fera la demande;

14. **J'INTERDIS À QUICONQUE** dont notamment mais non limitativement à **Sarah Émilie Gagnon**, à la **Caisse populaire Desjardins du Cœur-des-Vallées**, à la **Banque Royale du Canada**, à la **Municipalité de L'Ange-Gardien**, à la **Commission scolaire au Cœur-des-Vallées** et à **Options Express**, **D'ENTREPRENDRE, DE CONTINUER, D'EXERCER** ou **D'EXÉCUTER** quelque garantie ou recours que ce soit sur les biens décrits à la présente, sauf avec l'accord écrit du Directeur des poursuites criminelles et pénales à la suite d'une demande écrite en ce sens adressée à celui-ci au 2050, rue de Bleury, #7.00, Montréal (Québec) H3A 2J5 (téléphone : (514) 873-1096, télécopieur : (514) 873-1236) ;

15. **J'ORDONNE** à l'Officier responsable du Bureau de la publicité des droits de la circonscription foncière Papineau d'inscrire la présente ordonnance de blocage contre l'immeuble décrit aux présentes ;

16. **J'INTERDIS** à l'Officier responsable du Bureau de la publicité des droits de la circonscription foncière Papineau de faire quelque inscription que ce soit visant à aliéner ou grever l'immeuble décrit aux présentes ou visant à modifier, affecter ou diminuer de quelque façon que ce soit, les droits du Directeur des poursuites criminelles et pénales sur ledit bien, suite à l'inscription de la présente ordonnance de blocage, sauf avec l'accord écrit du Directeur des poursuites criminelles et pénales émis par son représentant au 2050, rue de Bleury, #7.00, Montréal (Québec) H3A 2J5 (téléphone : (514) 873-1096, télécopieur : (514) 873-1236) ;

17. **J'AUTORISE** les parties à s'adresser à un juge d'une Cour compétente pour faire préciser ou modifier la présente ordonnance de blocage ;

18. **J'ORDONNE** la mise sous scellés de tous les documents présentés au soutien de la demande d'ordonnance de blocage, ainsi que cette ordonnance et ce, jusqu'à ce qu'un tribunal compétent en ordonne la divulgation.

19. **J'ORDONNE** que la présente ordonnance de blocage soit signifiée (par agents de la paix – y compris un agent de la paix américain, huissiers, courrier recommandé, publication dans un journal circulant dans la localité de la dernière adresse connue ou, si aucun journal circule dans cette localité, dans un journal de la localité où est situé l'immeuble ou par dépôt au greffe de la Cour du Québec du district où chaque personne physique visée a sa résidence et/ou chaque personne morale a son siège social ou une place d'affaires) à:

**Alain Gagnon**
57 rue Palma
l'Ange-Gardien (Québec)  J8L 2W7


**Elaine Patrice**
57 rue Palma
l'Ange-Gardien (Québec)  J8L 2W7


**Sarah Émilie Gagnon**
57 rue Palma
l'Ange-Gardien (Québec)  J8L 2W7


**Caisse populaire Desjardins du Cœur-des-Vallées**
63 chemin Montréal Est
Masson-Angers (Québec)  J8M 1K3


**Banque Royale du Canada**
303 Moodie Drive
Ottawa (Ontario)  K2H 9R4


**Municipalité de L'Ange-Gardien**
Service de la taxation
870 ch. Donaldson
L'Ange-Gardien (Québec)  J8L 2W7


**Commission scolaire au Cœur-des-Vallées**
582 rue MacLaren est
Gatineau (Québec) J8L 2W2


**Hydro Québec**
a/s Madame Louise Dubois, conseillère commercialisation
140 boul. Crémazie ouest, 2e étage
Place Crémazie
Montréal (Québec) H2P 1C3

**Options Express**
311 West Monroe, suite 1000
Chicago, Illinois, État-Unis  60606


**Officier responsable du Bureau de la publicité
des droits de la circonscription foncière Papineau**
266, rue Viger, bureau 1
Papineauville (Québec) J0V 1R0




Rendue à Hull, ce $\mathcal{Q}/$        ième jour de septembre 2007



_____
      JEAN-FRANÇOIS GOSSELIN, J.C.Q.
Juge de la Cour du Québec

**Ministère
de la Justice
Québec** ✛ ✛
✛ ✛
Direction des services professionnels

# CERTIFICATION

I, the undersigned, Doris Caroline, a translator with the Ministère de la Justice du Québec, certify that the attached translation, which I prepared, is in all respects a true translation of the Restraint Order made on September 21, 2007, originally written in French and forming part of Court File No. 550-26-000303-072 in the District of Hull, in the Province of Québec.

January 28, 2008

*Dai Caroline*

Doris Caroline
Direction des services professionnels

Édifice Louis-Philippe-Pigeon
1200, route de l'Église, 2ᵉ étage
Ste-Foy (Québec) G1V 4M1
Téléphone : (418) 643-1427
Télécopieur : (418) 646-1696
www.justice.gouv.qc.ca

**CANADA**

**PROVINCE OF QUÉBEC**
**DISTRICT OF HULL**

**NO.** 550-26-000303-072

**COURT OF QUÉBEC**
**Criminal and Penal Division**

DIRECTOR OF CRIMINAL AND PENAL
PROSECUTIONS
(Notice of Address: 6 322 661)
**Applicant**

**v.**

ALAIN GAGNON
ELAINE PATRICE
**Respondents**

SARAH ÉMILIE GAGNON
CAISSE POPULAIRE DESJARDINS DU
   COEUR DES VALLÉES
BANQUE ROYALE DU CANADA
HYDRO QUÉBEC
OPTIONS EXPRESS
MUNICIPALITÉ DE L'ANGE-GARDIEN
COMMISSION SCOLAIRE AU COEUR-
   DES-VALLÉES
REGISTRAR IN CHARGE OF THE
   REGISTRY OFFICE OF THE
   REGISTRATION DIVISION
   OF PAPINEAU
**Mis en cause**

---

### RESTRAINT ORDER UNDER SECTION 462.33 OF THE CRIMINAL CODE

---

- **CONSIDERING** the *ex parte* application of Claude Haccoun, Criminal and Penal Prosecuting Attorney;

- **CONSIDERING** the affidavit of Corporal Maxime Boutin, a member of the Royal Canadian Mounted Police (RCMP);

- **WHEREAS** the said affidavit meets the requirements of section 462.33 of the Criminal Code;

- **WHEREAS** I am satisfied that giving the notice provided for in subsection 462.33(5) of the Criminal Code could result in the disappearance, dissipation or reduction in value of the property or otherwise affect the property so that all or a part thereof could not be subject to an order of forfeiture under sections 462.37 or 462.38 of the Criminal Code;



Page 1 of 7

- **CONSIDERING** the undertaking of the Director of Criminal and Penal Prosecutions pursuant to section 462.33(7) of the Criminal Code, duly signed by Yves Paradis, mandatary specifically authorized for the purposes of section 462.33(7) of the Criminal Code;

- **WHEREAS** I am satisfied that there are reasonable grounds to believe that there exists property in respect of which an order of forfeiture may be made under subsection 462.37(1) or 462.38(2) of the Criminal Code and, more specifically,

## ITEM 1

An immovable situated at 57 chemin Palma, municipality of L'Ange-Gardien, province of Québec, J8L 2W7, registered at the registry office of the registration division of Papineau, in the name of Alain Gagnon and Elaine Patrice, which immovable is described as follows:

> Lot **23C-4**, **Range 3**, of the official cadastre of the township of Buckingham, registration division of Papineau.
>
> With all buildings erected thereon, including appurtenances, bearing number 57 chemin Palma, municipality of L'Ange-Gardien, province of Québec, J8L 2W7.
>
> In their present condition, with all passive or active, apparent or non-apparent servitudes attached to the said immovable.

## ITEM 2

All funds and other securities contained in and/or related to account number 15938-1 held at the Caisse Populaire Coeur-des-vallées located at 63 chemin Montréal in Massons-Angers, J8M 1K7, which account is held by Alain Gagnon and Élaine Patrice.

## ITEM 3

All funds and other securities contained in and/or related to account numbers 00372-450-2746 and 00372-507-7425 held at the Royal Bank of Canada (RBC) at the branch located at 303 Moodie Drive, Ottawa, Ontario, H2H 9R4, which accounts are held by Alain Gagnon.

## ITEM 4

All funds and other securities contained in and/or related to account number C421M64H held at the Options Express company located at 311 West Monroe, Room 1000, Chicago, Ilinois, United States, 60606, which account is held by Alain Gagnon.



**FOR THESE REASONS:**

1.     **I EXEMPT** the Director of Criminal and Penal Prosecutions from giving any notice whatsoever regarding the presentation of the application for the issue of this restraint order;

2.     **I ORDER** the restraint of the above-described property and the restraint of any interest or insurable right in the said property, including the right to receive insurance proceeds paid under the terms of any current or future insurance policy relating to the said property;

3.     **I ORDER** that should a claim be made under an insurance policy that has been issued or that is subsequently issued on the property, subject to the rights of any creditors arising thereunder, all insurance proceeds be paid to the Director of Criminal and Penal Prosecutions who will take possession of and manage them until a competent court makes an order in their respect;

4.     **I PROHIBIT ANY PERSON**, including specifically, but not exclusively, **Alain Gagnon and Élaine Patrice** and, if applicable, their successors, mandataries, nominees, heirs, succession liquidators and other representatives, **FROM DISPOSING OF**, directly or indirectly **CHARGING**, acting to **CHARGE** in any manner whatsoever, or acting to allow to be **ALIENATED OR DISPOSED OF OR CHARGED** in any manner whatsoever, or **DESTROYING, PHYSICALLY ALTERING OR MODIFYING** the property that is the subject of this restraint order;

5.     I **ORDER ANY PERSON**, including specifically, but not exclusively, **Alain Gagnon and Élaine Patrice**, and, if applicable, their successors, mandataries, nominees, heirs, succession liquidators and other representatives to perform the duties devolving upon the owner, occupant and/or possessor of the property described in this order, including but not exclusively,

 -     to pay all property taxes, service taxes, all services expenses including Hydro-Québec accounts, and to pay all arrears relating to those taxes or expenses;

 -     to maintain adequate insurance on the property against all types of losses;

 -     to send to the Director of Supplies and Furniture, Centre de services partagés du Québec, 1200 rue Taillon, 1st Floor, Québec, province of Québec, G1N 3V5, within seven (7) days of the service of this order, a copy of the insurance policy covering the property described in ITEM 1 above against all types of losses and containing an endorsement providing that any benefit payable under the policy in respect of the property is to be irrevocably payable to the Director of Criminal and Penal Prosecutions during the time the insured property is subject to a restraint order;

 -     to inform, as soon as practicable, the Director of Supplies and Furniture of the Centre de services partagés du Québec of any change relating to the insurance policy covering the above-described property by sending a copy of

the new policy to the Director of Supplies and Furniture, Direction des fournitures et de l'ameublement, Centre de services partagés du Québec, 1200 rue Taillon, 1st Floor, Québec, province of Québec, G1N 3V5;

- to perform any and all duties arising from charges or hypothecary or other loans against the property in question.

6. **I ORDER ANY PERSON**, including specifically, but not exclusively, **Alain Gagnon and Élaine Patrice** and, if applicable, their successors, mandataries, nominees, heirs, succession liquidators and other representatives **TO REPORT** to the Director of Supplies and Furniture of the Centre de services partagés du Québec on their performance of the duties set out in paragraph 5 by sending or providing on request to any representative of the Director of Supplies and Furniture of the Centre de services partagés du Québec the information or documents requested;

7. **I PERMIT** the Director of Supplies and Furniture of the Centre de services partagés du Québec to take all measures the Director considers appropriate to preserve the above-described property if he or she has grounds to believe that the property is threatened;

8. **I AUTHORIZE** the Director of Supplies and Furniture of the Centre de services partagés du Québec to

   (A) **Immediately ENTER INTO OR ON** the above-described immovable, accompanied by the personnel necessary to

      (i) make a summary inspection and inventory of the premises;

      (ii) videotape the premises and take all photographs necessary to establish the condition of the premises at the time of the registration of this restraint order;

   (B) **Subsequently ENTER INTO OR ON** the above-described immovable, monthly, to inspect it to examine the state of the premises and verify the inventory of the items of property that should be found there in order to, without notice if necessary, take the emergency measures provided for in paragraph 7 of this order to preserve the property;

9. **I ORDER ANY PERSON**, including specifically, but not exclusively, **Alain Gagnon and Élaine Patrice** and, if applicable, their successors, mandataries, nominees, heirs, succession liquidators and other representatives **TO ALLOW** the Director of Supplies and Furniture of the Centre de services partagés du Québec, commencing on the date of this restraint order, and thereafter with notice, **TO PROCEED** with a summary inspection of the above-described property, to ensure that the above-named persons perform the duties described in paragraph 5 or, without notice, to take the emergency measures provided for in paragraph 7 of this order to preserve the property, the whole in accordance with paragraph 8 of this order;



10. **I ORDER** mise-en-cause **Caisse populaire Desjardins du Coeur-des-vallées TO ESTABLISH** accurately and in detail the real debts affecting the immovable described in ITEM 1 of this order pursuant to the acts or deeds registered in the registry office of the registration division of Papineau under numbers **11 665 716** and **11 660 745** by providing, within 5 days after the service of this restraint order, all documents confirming the indebtedness to which the hypothecary security affecting the immovable described in ITEM 1 of this order applies to the Director of Criminal and Penal Prosecutions (to the attention of the Director's representative, Claude Haccoun, 2050, de Bleury, #7.00, Montréal (Québec) (telephone: 514-873-1096; fax: 514-873-1236);

11. **I PROHIBIT** mise-en-cause **Caisse populaire Desjardins du Coeur-des-vallées from AUTHORIZING** and/or **MAKING** any further disbursement (through a hypothec, credit line or credit card or otherwise) or other form of credit that would increase the charges against the immovable described in ITEM 1 of this order, for any sum or additional amount whatsoever, through the hypothec affecting the said immovable or otherwise, by whatsoever means, as of the service of this restraint order;

12. **I ORDER** that the real debt or security affecting the immovable described in ITEM 1 of this order be limited to the current amount of the debt or security on the date of service of this restraint order;

13. **I ORDER** the **electricity distributor** (Hydro-Québec or other) to disclose the unpaid balance owing and proceedings relating to interruption of service for non-payment (including late payment notices) appearing in the file of the respondent responsible for the subscription for the immovable described in ITEM 1 of this order to Diane Lessard Martineau at 2050, de Bleury, #7.00, Montréal (Québec) H3A 2J5 or by fax to 514-873-1236 and send them to her upon her request;

14. **I PROHIBIT ANY PERSON**, including specifically, but not exclusively, **Sarah Émilie Gagnon, Caisse Populaire Desjardins du Coeur-des-vallées, the Royal Bank of Canada, the Municipality of L'Ange-Gardien, the Commission scolaire au Coeur-des-Vallées and Options Express, FROM COMMENCING, CONTINUING, EXERCISING OR EXECUTING** any security or proceeding whatsoever against the property described in this order without the written consent of the Director of Criminal and Penal Prosecutions after a written request to that effect addressed to the Director of Criminal and Penal Prosecutions, 2050, rue de Bleury, #7.00, Montréal (Québec) H3A 2J5 (telephone: (514) 873-1096; fax: (514) 837-1236);

15. **I ORDER the Registrar in charge of the Registry Office of the Registration Division of Papineau** to register this restraint order against the immovable described in this order;

16. **I PROHIBIT the Registrar in charge of the Registry Office of the Registration Division of Papineau** from making any entry whatsoever to alienate or affect the immovable described in this order or to change, affect or reduce in any manner whatsoever the rights of the Director of Criminal and Penal Prosecutions in respect of the said property following the registration of this restraint order without the written consent of the Director of Criminal and Penal Prosecutions delivered



by the Director's representative at 2050, rue de Bleury, #7.00, Montréal (Québec) H3A 2J5 (telephone: (514) 873-1096; fax: (514) 837-1236);

17. **I AUTHORIZE** the parties to apply to a judge of a competent court for clarification or variation of this restraint order;

18. **I ORDER** that all documents produced in support of the application for a restraint order, and this restraint order, be kept under seal until a competent court orders their disclosure;

19. **I ORDER** the service of this restraint order (by a peace officer - including an American peace officer, bailiff, registered mail, publication in a newspaper circulating in the area of the last known address or, if no newspaper circulates in the area then a newspaper in the area in which the immovable is situated, or by a filing in the office of the Court of Québec in the district in which each individual concerned resides and/or each legal person has its head office or a place of business) to:

**Alain Gagnon**
57 rue Palma
L'Ange-Gardien (Québec) J8L 2W7


**Élaine Patrice**
57 rue Palma
L'Ange-Gardien (Québec) J8L 2W7


**Sarah Émilie Gagnon**
57 rue Palma
L'Ange-Gardien (Québec) J8L 2W7


**Caisse populaire Desjardins du Cœur-des-vallées**
63 chemin Montréal Est
Masson-Angers (Québec) J8M 1K3


**Royal Bank of Canada**
303 Moodie Drive
Ottawa, Ontario  K2H 9R4


**Municipalité de L'Ange-Gardien**
Service de la taxation
870 chemin Donaldson
L'Ange-Gardien (Québec) J8L 2W7



**Commission scolaire au Cœur-des-Vallées**
582 rue MacLaren Est
Gatineau (Québec) J8L 2W2


**Hydro-Québec**
c/o Ms. Louise Dubois, Marketing Advisor
Place Crémazie
140 boul. Crémazie Ouest, 2e étage
Montréal (Québec) H2P 1C3


**Options Express**
311 West Monroe, Suite 1000
Chicago, Illinois, USA 60606


**Registrar in charge of the Registry Office
of the Registration Division of Papineau**
266 rue Viger, bureau 1
Papineauville (Québec) J0V 1R0



Made at Hull, this 21st day of September, 2007.



_____*[signature]*_____
JEAN-FRANÇOIS GOSSELIN, J.C.Q.
Judge of the Court of Québec

**CANADA**

**COUR DU QUÉBEC**
Chambre criminelle et pénale

**PROVINCE DE QUÉBEC**
**DISTRICT DE HULL**

NO : 550-26-000342-070

DIRECTEUR DES POURSUITES
CRIMINELLES ET PÉNALES
**Requérant**

c.

ALAIN GAGNON
**Intimé**

FX SOLUTIONS
FOREX CAPITAL MARKETS
**Mises-en-cause**

---

### ORDONNANCE DE BLOCAGE SUIVANT L'ARTICLE 462.33 DU CODE CRIMINEL

---

– **CONSIDÉRANT** la requête ex parte présentée par M$^e$ Claude Haccoun, procureur aux poursuites criminelles et pénales ;

– **CONSIDÉRANT** l'affidavit du caporal Maxime Boutin, membre de la Gendarmerie royale du Canada (GRC);

– **CONSIDÉRANT** que ledit affidavit est conforme aux exigences de l'article 462.33 du Code criminel;

– **CONSIDÉRANT** ma conviction que l'avis prévu au paragraphe 462.33(5) du Code criminel risque d'occasionner la disparition du bien visé, son aliénation ou une diminution de sa valeur de telle façon qu'une ordonnance de confiscation en vertu des articles 462.37 et 462.38 du Code criminel deviendrait impossible ou inopérante;

– **CONSIDÉRANT** l'engagement du Directeur des poursuites criminelles et pénales, suivant les dispositions de l'article 462.33(7) du Code criminel, dûment signé par Me Yves Paradis, mandataire spécialement autorisée aux fins de l'article 462.33(7) du Code criminel;

– **CONSIDÉRANT** ma conviction qu'il y a des motifs raisonnables de croire qu'il existe un bien à l'égard duquel une ordonnance de confiscation pourrait être rendue en

Page 1 sur 3

vertu des articles 462.37(1) et 462.38(2) du Code criminel et, en particulier, les biens suivants:

## ITEM 1

Toutes sommes d'argent et autres valeurs contenues et/ou rattachées au compte folio numéro FX113033 détenu auprès de la compagnie FX Solutions située au One Route 17 South, suite 260, Saddle River, NJ, USA, 07458. Ce compte est détenu par Alain Gagnon.

## ITEM 2

Toutes sommes d'argent et autres valeurs contenues et/ou rattachées aux comptes folio numéro 00017263 et 00017198 détenus auprès de la compagnie Forex Capital Markets située au 32 Old Slip road, 10th Floor, New-York, NY, USA, 10005. Ces deux comptes sont détenus par Alain Gagnon.

## POUR CES MOTIFS :

1.  **JE DISPENSE** le Directeur des poursuites criminelles et pénales de donner quelque avis que ce soit quant à la présentation de la requête pour l'émission de la présente ordonnance de blocage ;

2.  **J'ORDONNE** le blocage des biens décrits ci-haut et le blocage de tout intérêt ou droit assurable sur lesdits biens ;

3.  **J'INTERDIS À QUICONQUE** dont notamment mais non limitativement à **Alain Gagnon** et le cas échéant, ses ayants droit, mandataires, prête-noms, héritiers, liquidateurs de succession et autres représentants, **DE SE DÉPARTIR** des biens faisant l'objet de la présente ordonnance de blocage, de les **GREVER**, directement ou indirectement, d'agir de façon à les **GREVER** de quelque charge que ce soit, d'agir de façon à permettre qu'ils soient **ALIÉNÉS OU GREVÉS** de quelque façon que ce soit ;

4.  **J'INTERDIS À QUICONQUE** dont notamment mais non limitativement à **FX Solutions et Forex Capital Markets, D'ENTREPRENDRE, DE CONTINUER, D'EXERCER** ou **D'EXÉCUTER** quelque garantie ou recours que ce soit sur les biens décrits à la présente, sauf avec l'accord écrit du Directeur des poursuites criminelles et pénales à la suite d'une demande écrite en ce sens adressée à celui-ci au 2050, rue de Bleury, #7.00, Montréal (Québec)  H3A 2J5 (téléphone : (514) 873-1096, télécopieur : (514) 873-1236) ;

5.  **J'INTERDIS À QUICONQUE** de remettre quelque bien que ce soit ou de verser directement ou indirectement quelque somme que ce soit ou quelque valeur que ce soit, qu'ils doivent, qu'ils pourraient devoir ou qu'ils pourraient débourser pour

quelque raison que ce soit à **Alain Gagnon**, ainsi qu'à ses ayants droits, mandataires, prête-noms, héritiers, liquidateurs de succession relativement aux biens décrits aux présentes, lesdites sommes devant être versées sans délai au Directeur des poursuites criminelles et pénales au 2050, rue de Bleury, bureau 700, Montréal, Québec, H3A 2J5 (téléphone : 514-873-1096, télécopieur : 514-873-1236), qui les administrera jusqu'à ce qu'un Tribunal compétent statue à leur sujet;

6.  **J'ORDONNE** à la **FX Solutions et Forex Capital Markets** de faire rapport sans délai relativement à toutes sommes d'argent et autres valeurs (placements, régime enregistré d'épargne retraite ou toute autre forme de placements) contenues et/ou rattachées aux comptes bancaires ou aux comptes de valeurs mobilières ou autres, relativement aux items 1 et 2 décrits aux présentes et ce, au Directeur des poursuites criminelles et pénales (à l'attention de son représentant, M$^e$ Claude Haccoun) au 2050, rue de Bleury, bureau 700, Montréal, Québec, H3A 2J5 (téléphone : 514-873-1096, télécopieur : 514-873-1236);

7.  **J'AUTORISE** les parties à s'adresser à un juge d'une Cour compétente pour faire préciser ou modifier la présente ordonnance de blocage ;

8.  **J'ORDONNE** que la présente ordonnance de blocage soit signifiée (par agents de la paix – y compris un agent de la paix américain, huissiers, courrier recommandé, publication dans un journal circulant dans la localité de la dernière adresse connue ou, si aucun journal circule dans cette localité, dans un journal de la localité où est situé l'immeuble ou par dépôt au greffe de la Cour du Québec du district où chaque personne physique visée a sa résidence et/ou chaque personne morale a son siège social ou une place d'affaires) à:

    **Alain Gagnon**
    57 rue Palma
    l'Ange-Gardien (Québec)  J8L 2W7

    **FX Solutions**
    One Route 17 South, suite 260
    Saddle River, NJ
    États-Unis, 07458

    **Forex Capital Markets**
    32 Old Slip Road, 10th Floor
    New York, NY
    États-Unis, 10005

Rendue à ~~Hull~~ Bellmay, ce 30 $^{ième}$ jour d'octobre 2007

Juge de la Cour du Québec
JEAN-FRANÇOIS GOSSELIN, J.C.Q.



**Ministère
de la Justice**
**Québec** ✚✚
✚✚
Direction des services professionnels

# CERTIFICATION

I, the undersigned, Doris Caroline, a translator with the Ministère de la Justice du Québec, certify that the attached translation, which I prepared, is in all respects a true translation of the Restraint Order made on October 30, 2007, originally written in French and forming part of Court File No. 550-26-000342-070 in the District of Hull, in the Province of Québec.

January 28, 2008

*Doris Caroline*

Doris Caroline
Direction des services professionnels

Édifice Louis-Philippe-Pigeon
1200, route de l'Église, 2ᵉ étage
Ste-Foy (Québec) G1V 4M1
Téléphone : (418) 643-1427
Télécopieur : (418) 646-1696
www.justice.gouv.qc.ca

**CANADA**

**PROVINCE OF QUÉBEC**
**DISTRICT OF HULL**

**NO.** 550-26-000342-070

**COURT OF QUÉBEC**
**Criminal and Penal Division**

DIRECTOR OF CRIMINAL AND PENAL
PROSECUTIONS
**Applicant**

**v.**

ALAIN GAGNON
**Respondent**

FX SOLUTIONS
FOREX CAPITAL MARKETS
**Mis en cause**

---

### RESTRAINT ORDER UNDER SECTION 462.33 OF THE CRIMINAL CODE

---

- **CONSIDERING** the *ex parte* application of Claude Haccoun, Criminal and Penal Prosecuting Attorney;

- **CONSIDERING** the affidavit of Corporal Maxime Boutin, a member of the Royal Canadian Mounted Police (RCMP);

- **WHEREAS** the said affidavit meets the requirements of section 462.33 of the Criminal Code;

- **WHEREAS** I am satisfied that giving the notice provided for in subsection 462.33(5) of the Criminal Code could result in the disappearance, dissipation or reduction in value of the property or otherwise affect the property so that all or a part thereof could not be subject to an order of forfeiture under sections 462.37 or 462.38 of the Criminal Code;

- **CONSIDERING** the undertaking of the Director of Criminal and Penal Prosecutions pursuant to section 462.33(7) of the Criminal Code, duly signed by Yves Paradis, mandatary specifically authorized for the purposes of section 462.33(7) of the Criminal Code;

- **WHEREAS** I am satisfied that there are reasonable grounds to believe that there exists property in respect of which an order of forfeiture may be made under subsection 462.37(1) or 462.38(2) of the Criminal Code and, more specifically,



## ITEM 1

All funds and other securities contained in and/or related to account number FX113033 held at the FX Solutions company located at One Route 17 South, Suite 260, Saddle River, NJ, USA 07458, which account is held by Alain Gagnon.

## ITEM 2

All funds and other securities contained in and/or related to account numbers 00017263 and 0017198 held at the Forex Capital Markets company located at 32 Old Slip Road, 10th Floor, New York, NY, USA 10005, which accounts are held by Alain Gagnon.

## FOR THESE REASONS:

1. **I EXEMPT** the Director of Criminal and Penal Prosecutions from giving any notice whatsoever regarding the presentation of the application for the issue of this restraint order;

2. **I ORDER** the restraint of the above-described property and the restraint of any interest or insurable right in the said property;

3. **I PROHIBIT ANY PERSON**, including specifically, but not exclusively, **Alain Gagnon** and, if applicable, his successors, mandataries, nominees, heirs, succession liquidators and other representatives, **FROM DISPOSING OF**, directly or indirectly **CHARGING**, acting to **CHARGE** in any manner whatsoever, or acting to allow to be **ALIENATED OR DISPOSED OF OR CHARGED** in any manner whatsoever the property that is the subject of this restraint order;

4. **I PROHIBIT ANY PERSON**, including specifically, but not exclusively, **FX Solutions and Forex Capital Markets, FROM COMMENCING, CONTINUING, EXERCISING OR EXECUTING** any security or proceeding whatsoever in respect of the property described in this order without the written consent of the Director of Criminal and Penal Prosecutions after a request in writing to that effect to the Director of Criminal and Penal Prosecutions, 2050, rue de Bleury, #7.00, Montréal (Québec) H3A 2J5 (telephone: (514) 873-1096; fax: (514) 837-1236);

5. **I PROHIBIT ANY PERSON** from giving the possession of any item of property whatsoever or paying or issuing directly or indirectly any monies whatsoever or any securities whatsoever, that they owe, may owe or that they may pay out for any reason whatsoever to **Alain Gagnon** or to his heirs, mandataries, nominees, or succession liquidators in connection with the property described in this order, the said sums to be remitted without delay to the Director of Criminal and Penal Prosecutions, 2050, rue de Bleury, Suite 700, Montréal (Québec) H3A 2J5 (telephone: (514) 873-1096; fax: (514) 837-1236), who will manage them until a competent court makes an order in their respect;

6. **I ORDER FX Solutions and Forex Capital Markets** to report without delay all funds and other securities (investments, registered retirement savings plans, or any other form of investment) contained in and/or related to bank accounts or



securities accounts or others in connection with items 1 and 2 described in this order to the Director of Criminal and Penal Prosecutions (to the attention of the Director's representative, Claude Haccoun), 2050, rue de Bleury, Suite 700, Montréal (Québec) H3A 2J5 (telephone: (514) 873-1096; fax: (514) 837-1236);

7.     **I AUTHORIZE** the parties to apply to a judge of a competent court for clarification or variation of this restraint order;

8.     **I ORDER** the service of this restraint order (by a peace officer - including an American peace officer, bailiff, registered mail, publication in a newspaper circulating in the area of the last known address or, if no newspaper circulates in the area then a newspaper in the area in which the immovable is situated, or by a filing in the office of the Court of Québec in the district in which each individual concerned resides and/or each legal person has its head office or a place of business) to:

Alain Gagnon
57 rue Palma
L'Ange-Gardien (Québec) J8L 2W7

FX Solutions
One Route 17 South, Suite 260
Saddle River, NJ
USA 07458

Forex Capital Markets
32 Old Slip Road, 10th Floor
New York, NY
USA 10005

Made at Gatineau, this 30th day of October, 2007.


_____[signature]_____
Judge of the Court of Québec
JEAN-FRANÇOIS GOSSELIN, J.C.Q.

CANADA

**COUR DU QUÉBEC**
Chambre criminelle et pénale

**PROVINCE DE QUÉBEC**
**DISTRICT DE HULL**

NO :  550-26-000303-072

DIRECTEUR DES POURSUITES
CRIMINELLES ET PÉNALES
**Requérant**

**c.**

ALAIN GAGNON
ELAINE PATRICE
**Intimés**

OPTIONS EXPRESS
GENDARMERIE ROYALE DU CANADA (GRC)
**Mises-en-cause**

---

## ORDONNANCE MODIFIANT L'ORDONNANCE DE BLOCAGE

---

**CONSIDÉRANT** la requête présentée par le Directeur des poursuites criminelles et pénales;

**CONSDIÉRANT** que la modification de l'ordonnance de blocage vise selon toute évidence la correction d'une erreur cléricale;

**CONSIDÉRANT** que la modification au numéro de compte de l'Item 4 de l'ordonnance est appropriée;

**POUR CES MOTIFS :**

- **JE DISPENSE** le Directeur des poursuites criminelles et pénales de donner avis aux parties;

- **J'ORDONNE** *la modification immédiate du numéro de compte décrite à l'Item 4 de l'ordonnance de blocage pour se lire ainsi : C421M6YH;*

- **J'ORDONNE** *la modification du numéro de compte de l'Item 4 de l'ordonnance de blocage 550-26-000303-072, nonobstant les délais d'appel.*


Rendue à Hull, ce ~~9~~       ième jour de ~~mars~~ AVRIL 2008


Juge de la Cour du Québec

*[TRANSLATION]*

CANADA

**COURT OF QUÉBEC**
**Criminal and Penal Division**

**PROVINCE OF QUÉBEC**
**DISTRICT OF HULL**

No. 550-26-000303-072

DIRECTOR OF CRIMINAL AND PENAL
PROSECUTIONS
**Applicant**

v.

ALAIN GAGNON
ELAINE PATRICE
**Respondents**

OPTIONS EXPRESS
ROYAL CANADIAN MOUNTED POLICE (RCMP)

**Mis en cause**

---

### ORDER TO VARY A RESTRAINT ORDER

---

**CONSIDERING** the application of the Director of Criminal and Penal Prosecutions;

**WHEREAS** it is clear that the variance of the Restraint Order is to correct a clerical error;

**WHEREAS** it is appropriate to vary the account number described in Item 4 of the Restraint Order;

**FOR THESE REASONS:**

- I **EXEMPT** the Director of Criminal and Penal Prosecutions from giving notice to the parties;

- I **ORDER** that the account number described in Item 4 of the Restraint Order be varied immediately to read: C421M6YH;



1

**I ORDER** that the account number described in Item 4 of Restraint Order 550-26-000303-072 be varied notwithstanding the time limit for appeal.


Made at Hull, this 9th day of April, 2008.


_____[signature]_____

Judge of the Court of Québec



2

*Ministère*
*de la Justice*
**Québec** ▦ ▦
Direction des services professionnels

# CERTIFICATION

I, the undersigned, Doris Caroline, a translator with the Ministère de la Justice du Québec, certify that the attached translation, which I prepared, is in all respects a true translation of the Order to Vary a Restraint Order, made on April 9, 2008, originally written in French and forming part of Court File No. 550-26-000303-072 in the District of Hull, in the Province of Québec.

April 11, 2008

Doris Caroline
Direction des services professionnels

Édifice Louis-Philippe-Pigeon
1200, route de l'Église, 2e étage
Ste-Foy (Québec) G1V 4M1
Téléphone : (418) 643-1427
Télécopieur : (418) 646-1696
www.justice.gouv.qc.ca

## ASSISTANT ATTORNEY GENERAL DECISION

**DECISION:**

In accordance with 28 U.S.C. § 2467(b)(2) and the Attorney General's delegation of authority to the Assistant Attorney General for the Criminal Division, I hereby CERTIFY the request of the Government of Canada for enforcement of orders the Court of Québec , Criminal and Penal Division, issued restraining the following assets of Alain Gagnon located in the United States:

Account C421M67YH held at Options Express, 311 West Monroe, Room 1000, Chicago, Illinois, 60606

Account FX113033 held at FX Solutions, One Route 17 South, Suite 260, Saddle River, New Jersey, 07458

Accounts 00017263 and 00017198 held at Forex Capital Markets, 32 Old Slip Road, 10th Floor, New York, New York 10005

_____
**Alice S. Fisher**
**Assistant Attorney General**
**Criminal Division**

2/29/08
**Date**

08-260
**FILED**
APR 2 5 2008
Clerk, U.S. District and
Bankruptcy Courts